THE STATE OF MISSOURI, Respondent, *v.* HENRY DIECK-
HOFF, Appellant.

### January 31, 1876.

Where there was no evidence whatever to warrant a conviction below, the
defendant will be discharged in this court.

APPEAL from the St. Louis Court of Criminal Correction.
*Reversed and defendant discharged.*

*J. G. Lodge,* for appellant, cited : Wag. Stat. 1330, sec.
.5 ; State *v.* Marshall, 47 Mo. 378 ; State *v.* Bird, 1 Mo.
.585 ; State *v.* Packwood, 26 Mo. 340 ; State *v.* Dave, 15
Mo. 263 ; State *v.* Cruise, 16 Mo. 391 ; State *v.* Mansfield,.
41 Mo. 470 ; State *v.* Connell, 49 Mo. 282.

*M. W. Hogan,* for respondent.

BAKEWELL, J., delivered the opinion of the court.

An information was filed in the St. Louis Court of Crimi-
nal Correction charging that defendant, on February 15,
1875, unlawfully had in his possession, and kept for
sale, one dozen bottles of a compound called " Boker's
Bitters," upon which was placed a forged label or trade-
mark, intended to represent said compound as the genuine
preparation of another person, viz., Louis Funk, jr.
Samples of the alleged counterfeit and genuine labels
were attached to the information. The information further
charged defendant with unlawfully selling bottles of a com-
pound called " Boker's Bitters," on which counterfeit labels
and trade-marks were placed, intended to represent said
bitters as the genuine compound of another person, viz.,
Louis Funk, jr., and reference is made again to the same
samples attached. A jury being waived, the defendant was
tried before the court.

An attempt was made to show by William Schrœder, a
lithographer, that he printed certain labels for defendant,
and that defendant gave him an order for certain labels ;
but Schrœder swore that he knew nothing in regard to the

matter at all, except that defendant had a running account with witness for printing labels, and that a label of the general appearance of one offered in evidence has been in the market for twenty-two years. James Coff, a deputy marshal, swore that, on the day he arrested the defendant under the information herein, defendant said he had bitters on hand; did not say he had "Boker's Bitters;" and witness captured in defendant's possession a bottle of bitters with a label attached, which label bears the inscription of "Dieckhoff's Stomach Bitters" and on which the name "Boker" nowhere appears. This label, together with the genuine "Boker's Bitters" label, and also the alleged counterfeit label, are attached to the record in the case. The alleged counterfeit attached to the information is almost a *fac simile* of the original "Boker's Bitters" label; but the label captured on the single bottle in possession of defendant, though of the same color and shape and general appearence, has a different name, and could only be mistaken for the Boker label at a distance too far off to read ordinary print.

David Nicholson testified as to his opinion of the similarity of the Dieckhoff and Boker label; also, that Boker's bitters are worth $12 a case, that they are made in New York, and the labels for the bitters also made in New York.

Charles R. Holmes testified that defendant told him last fall that he was making a "Boker's Bitters," and could sell it at $8 or $9; and that witness warned him he would be prosecuted if he did not stop, and that defendant then said if that were so he would label his product differently. Witness also said that Dieckhoff's bottle looked like the Boker bottle, but that the Boker bottle was not exclusively used for "Boker's Bitters;" and this was the whole evidence in the case.

The court gave the following instructions, at the instance of defendant:

The court instructs that, in order to convict defendant

on the first count, the court must be satisfied from the evidence—

1. That there is a genuine article of Boker's bitters manufactured, or the property of one Louis Funk, jr.

2. That said Funk has a special property in the labels designated as genuine in the complaint.

3. That defendant used, or kept for sale, the imitation or counterfeit of the genuine Boker's bitters annexed to complaint and designated as counterfeit.

4. That said counterfeit bitters had labels attached to them which were intended to deceive the community that the goods to which they were attached were genuine Boker's bitters.

5. That defendant did such act knowingly.

6. That, unless plaintiff has satisfied the court by proof that one Louis Funk, jr., manufactured certain goods which were well known by the name of Boker's bitters, and which were put up in bottles which were marked with the label designated as genuine in the complaint, plaintiff is not entitled to judgment.

The court then found defendant guilty as charged in the first count of the information, and fined him $500 and costs.

A motion in arrest, and for a new trial, were both over-ruled, and, the proper exceptions being saved, the case was brought here by appeal.

There was no evidence whatever to warrant conviction on either count of the information. Not only is this so, but the court first gives a declaration of law that, to con-vict the defendant on the first count, the court must be satisfied from the evidence of the existence of at least six separate and independent facts, as to at least four of which it is clear that there is no evidence at all, and then deliberately finds the defendant guilty on the first count. Comment would be wasted.

The judgment of the St. Louis Court of Criminal Cor-rection is reversed, and the defendant absolutely discharged. The other judges concur.